IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FREDERICK NEELY,**
**No. 10958-029,**

    **Petitioner,**

    vs.                                Case No. 18-cv-882-DRH

**T.G. WERLICH,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner, currently incarcerated in the FCI-Greenville, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He asserts that in light of *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2250 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), he should not have been subject to the career-offender enhancement under the United States Sentencing Guidelines ("USSG") based on his 2 previous Iowa drug-related convictions. (Doc. 1).

    This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b)

1

of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the Petition, the Court concludes that this action is subject to dismissal.

## **The Petition**

On December 22, 2009, in the Northern District of Iowa, Petitioner pled guilty to conspiring to possess with intent to distribute 50 grams or more of crack cocaine (21 U.S.C. § § 846 and 841(a)(1)). (Doc. 1, p. 2); *United States v. Neely*, Case No. 09-cr-77-LRR (N.D. Ia) ("Criminal Case"). Plaintiff was subject to the penalties prescribed under §841(b)(1), which in his case carried a statutory maximum penalty of life imprisonment. *See* Criminal Case, Doc. 29 p. 1. According to the Petition, he was sentenced to 360 months, under the career offender enhancement found in the United States Sentencing Guidelines ("USSG"), § 4B1.1 and § 4B1.2(b), because he had 2 prior state felony convictions for controlled substance offenses. (Doc. 1, pp. 2-3). *See also* Criminal Case, Doc. 29, p. 5; Doc. 93, p. 3; Doc. 39, p. 3; Doc. 85, p.3).

Petitioner's predicate offenses were both state law convictions for possession with intent to deliver a controlled substance (Case FECR068027 (2006) and FECR0078201(2008)), in violation of IA ST § 204.401 (now IA ST § 124.401). (Doc. 1-1, p. 2). Petitioner argues that in light of the decision in *Mathis v. United* States, 136 S.Ct. 2243 (U.S. 2016) and related authority, the Iowa statute is broader than the conduct defined in the federal sentencing guidelines at U.S.S.G. §4B1.2(b).

## Legal Standard Applicable to § 2241

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. *See, Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A motion under § 2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to bringing only one motion under § 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In*

re *Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion and that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also, Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

## Discussion

The Court need not consider the merits of Petitioner's argument because he cannot bring a *Mathis* claim in a § 2241 petition based on an allegedly erroneous career offender determination.

There are some claims that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d

820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). *See also, United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum."). The Seventh Circuit recently reiterated that the Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017). Petitioner was sentenced in 2009, long after *Booker* was decided. He received a sentence that was within the statutory range. Therefore, he cannot demonstrate a miscarriage of justice so as to permit a § 2241 petition.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is summarily **DISMISSED** with prejudice for the reasons stated above. Respondent **WERLICH** is also **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within sixty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable

5

for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Judge Herndon
2018.05.23 19:04:22
-05'00'

United States District Judge